IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1580-NJR |
| | ) | |
| | ) | |
| **UNIDENTIFIED FBOP EMPLOYEES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John Wilson, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at U.S. Penitentiary- Marion ("USP – Marion"), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He alleges that he was denied proper medical care for tooth pain.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint (Doc. 1), Wilson makes the following allegations: Beginning on March 9, 2020, he issued requests for healthcare for tooth pain in his lower right molar (*Id*. at p. 7). A week later, he sent another request to dental staff complaining of pain. His electronic and written requests were ignored.

On May 12, 2020, he finally saw Dr. Canty for his tooth pain (*Id*. at p. 7). Dental staff insisted that the tooth he was complaining of (Tooth #28) was not the tooth hurting him; his pain had to be coming from Tooth #27. Wilson disagreed with the diagnosis. He was seen by medical for pain on May 27, 2020, and PA-C Brooks determined the tooth was not abscessed but prescribed him Ibuprofen for the pain (*Id*. ta pp. 7-8). On June 10, 2020, Dr. Canty again examined Wilson and insisted that Tooth #28 was not the cause of his pain because it already had a root canal (*Id.* at p. 8). Dental staff also indicated that the tooth Wilson pointed to should not even be there. Wilson later learned that the confusion stemmed from staff having another "John Wilson's" medical file, not his, and they had failed to review *his* file when examining his teeth. Dental staff, after an x-ray, determined the tooth at issue was in fact #28, as Wilson claimed, and Dr. Canty offered to ether pull the tooth or try to save it (*Id*.). Dr. Canty prescribed pain medicine and an antibiotic for one week. When Wilson requested an action plan on June 23, 2020, he learned Dr. Canty had retired. Because the dentist retired, Wilson had to wait another six months for a root canal (*Id*. at p. 9). Wilson blames dental staff for using the wrong inmate's medical history to determine treatment and for not preparing for Dr. Canty's retirement in such a way that Wilson could have a timely root canal.

### Discussion

Simply put, Wilson fails to state a viable claim for deliberate indifference. While his allegations could possibly state a claim, he has not identified any defendants other than "unidentified FBOP employees" (Doc. 1, p. 1). He also refers to "dental staff" throughout the Complaint but gives no description that would further identify these individuals. He does refer to a Dr. Canty, but she is not listed in the caption of the Complaint as a defendant. Wilson must make plausible allegations against individuals, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Although Wilson may sue unknown defendants (i.e. John Doe #1, John Doe #2, etc.), his claim against "employees" is too generic to survive threshold review as he does not describe the "staff" he is suing or even state the number of them.

Accordingly, the Complaint is **DISMISSED without prejudice**. Wilson will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Wilson must comply with the instructions and deadlines set forth below.

### Pending Motions

As to his motion for counsel (Doc. 3), Wilson states that he has contacted several law firms who declined to take his case. He also indicates that he cannot access his records to identify staff. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845

(7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1] Further, the Court finds that Wilson is capable of filing an Amended Complaint on his own. Although he claims that he cannot access his records to identify "dental staff," he does not have to know names to file an Amended Complaint. He can refer to individuals as John Does and describe the individuals he seeks to bring claims against. Accordingly, his motion for counsel is **DENIED without prejudice**.

## Disposition

For the reasons stated above, Wilson's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 6, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Wilson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Wilson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Wilson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Wilson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**