IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1580-NJR |
| | ) | |
| | ) | |
| DR. S. CANTY, L. BROOKS, | ) | |
| JOHN/JANE DOE #1, JOHN/JANE | ) | |
| DOE #2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John Wilson, an inmate of the Federal Bureau of Prisons ("FBOP") who is currently incarcerated at Federal Correctional Institution – Mendota ("FCI – Mendota"), brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for deprivations of his constitutional rights while at United States Penitentiary – Marion ("USP – Marion"). In the Amended Complaint, Wilson alleges Defendants were deliberately indifferent in the treatment of an abscessed tooth in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Wilson makes the following allegations:  On March 9, 2020, Wilson requested dental care for tooth pain. On March 16, 2020, he sent another request because he still had not been seen by the dentist. On May 12, 2020, he was examined by Dr. Canty and her assistant. Dr. Canty referred to Wilson's dental records and noted that the tooth causing him pain, Tooth #28, could not be hurting (*Id*.).

On May 18, 2020, he wrote a medical request but was not seen by L. Brooks until nine days later. Brooks examined him and determined that his tooth was not abscessed. Wilson alleges she could not have made this diagnosis without an x-ray, but Brooks did not order an x-ray (*Id*.). She prescribed him Ibuprofen (*Id*.).

On June 10, 2020, Dr. Canty again examined Wilson and insisted that Tooth #28 could not be the cause of the pain because he had already had a root canal on that tooth. But upon further examination of the records, Dr. Canty determined that she had the wrong medical history file and was not referring to Wilson's teeth when diagnosing his condition (*Id*.). Wilson received an x-ray, and Dr. Canty realized that the medical file she was referring to was not for Wilson (*Id*.). She then determined that Tooth #28 was abscessed and prescribed antibiotics for seven days (*Id*.). But two weeks later he learned that Dr. Canty was no longer the dentist at the prison. Wilson did not see the dentist again until September 24, 2020, when Dr. Ross, the prison's new dentist, saw him and performed a root canal (*Id*. at p. 3).

2

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Canty, L. Brooks, John/Jane Doe #1, and John/Jane Doe #2 for delaying care and failing to diagnose and treat his abscessed tooth.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[1]

At this time, Wilson states a claim for deliberate indifference against Dr. Canty for delaying his initial care and then failing to diagnose his tooth pain. He also states a claim against L. Brooks for delaying care and failing to properly treat his tooth pain.

But he fails to state a claim against the John Does. Wilson alleges that a John Doe pulled the wrong file, but he fails to allege that any action by this individual amounted to deliberate indifference. Nor has he alleged that anyone other than Dr. Canty pulled his file. In fact, he acknowledges that Dr. Canty, herself, might have pulled the file. As to the John Doe #2, who Wilson identifies as the individual in charge of dental care after Dr. Canty left Marion, Wilson fails to allege that he sought care during this time period. His

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Amended Complaint only alleges that he saw the new dentist, Dr. Ross, on September 24, 2022. Thus, the John Does are **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Canty and L. Brooks but is **DISMISSED without prejudice** as to the John Does.

The Clerk of Court shall prepare for Defendants Dr. Canty and L. Brooks: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Wilson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Wilson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Wilson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Wilson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  November 30, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**