UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN WILSON,                              )
                                          )
Plaintiff,                                )
                                          )
vs.                                       )   Case No. 3:21-cv-01580-GCS
                                          )
DR. S. CANTY and L. BROOKS,               )
                                          )
Defendants.                               )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Defendants' Motion for Summary Judgment for

Failure to Exhaust Administrative Remedies. (Doc. 49). Defendants filed their Motion for

Summary Judgement on May 15, 2023. *Id.* Plaintiff filed a timely response to Defendants'

Motion on August 28, 2023.[1] (Doc. 55). For the reasons delineated below, the court

**GRANTS** Defendants' Motion for Summary Judgement for Failure to Exhaust

Administrative Remedies. (Doc. 49).

---

[1]       On August 28, 2023, Plaintiff filed a Motion to Continue Proceedings requesting that the
Court allow him to file a supplementary response to Defendants' Motion for Summary Judgment.
(Doc. 56). On August 30, 2023, the Court denied Plaintiff's Motion, but allowed Plaintiff up to
and including September 29, 2023, to file a supplementary response. (Doc. 57). Plaintiff did not
file a supplementary response by the September 29th deadline and mail was returned to the Court
as undeliverable on September 13, 2023. (Doc. 58). On October 10, 2023, the Court directed the
Clerk of Court to update Plaintiff's address and allowed Plaintiff until October 24, 2023, to file
his supplementary response. (Doc. 59). Plaintiff filed his supplementary response on October 26,
2023. (Doc. 60). The Court did consider Plaintiff's supplementary response it its determination.

## PROCEDURAL HISTORY

Plaintiff John Wilson is an inmate in the United States Federal Bureau of Prisons ("BOP"), currently incarcerated at Butner Federal Medical Center ("Butner FMC"). On December 6, 2021, Plaintiff brought this suit against Dr. Canty, L. Brooks, and several John Does for alleged violations of his constitutional rights by persons acting under the color of federal authority while he was housed in United States Penitentiary-Marion, Illinois ("USP-Marion"). (Doc. 1); *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff's initial complaint was dismissed without prejudice because he failed "to state a viable claim for deliberate indifference." (Doc. 14, p. 3). Plaintiff then filed an amended complaint on June 6, 2022. (Doc. 15). In his amended complaint, Plaintiff alleges that Defendants failed to provide him with adequate treatment for an abscessed tooth. (Doc. 15, p. 2-4). Plaintiff claims he received inadequate treatment for the tooth from March 9, 2020, until September 24, 2020, when a root canal operation was performed. *Id.* at p. 3. Between March and September 2020, Plaintiff states that he was only provided Ibuprofen and a single course of antibiotics for treatment. *Id.*

On November 30, 2022, the Court completed its preliminary review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and construed Plaintiff's allegations into the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Canty and L. Brooks, John/Jane Doe #1, and John/Jane Doe #2 for delaying care and failing to diagnose and treat his abscessed tooth.

(Doc. 20. p. 3). Plaintiff's complaint survived preliminary review against Dr. Canty and L. Brooks. *Id.* at p. 4. However, Plaintiff's claims against John/Jane Doe #1 and #2 were dismissed without prejudice.[2] *Id.*

## LEGAL STANDARDS

Summary judgment is proper when a moving party cannot establish the presence of a genuine dispute of material fact. *See* FED. R. CIV. PROC. 56(a). To survive a motion for summary judgment, the non-moving party must provide admissible evidence which would allow a reasonable jury to find in his or her favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). Generally, in determining the outcome on a motion for summary judgment, the Court's role is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but instead is to determine whether a genuine issue of material fact exists. *See National Athletic Sportwear Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008). However, in *Pavey v. Conley*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies "are not required to be decided by a jury but are to be determined by the judge." 544 F.3d 739, 740-741 (7th Cir. 2008). Therefore, it is up to the Court to evaluate whether a prisoner has exhausted his or her administrative remedies

---

2        Defendants John/Jane Doe #1 and John/Jane Doe #2 were dismissed without prejudice. (Doc. 20. p. 3). The Court reasoned that Plaintiff failed to state a claim against them. Plaintiff alleges that a John/Jane Doe pulled a wrong file, but Plaintiff fails to allege that any action by this individual amounted to deliberate indifference. As to the second John/Jane Doe, who Plaintiff identifies as the individual in charge of dental care after Dr. Canty left Marion, Plaintiff fails to allege that he sought care during this period. His Amended Complaint only alleges that he saw the new dentist, Dr. Ross, on September 24, 2022. (Doc. 15).

when the affirmative defense of non-exhaustion is raised. If the Court determines that a prisoner did not exhaust administrative remedies, the Plaintiff is given the opportunity to exhaust should time still permit or if the failure to exhaust was innocent.[3] *Id.* at 742. Alternatively, if the Court determines that the failure to exhaust was the prisoner's fault, the case is over. *Id.*

Under the Prison Litigation Reform Act ("PLRA"), which governs lawsuits filed by inmates, "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). This comports with the PLRA's statutory purpose of "afford[ing] correction officials [the] time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). Additionally, it affords prison administrators an opportunity to fix the problem, reduce damages, and shed light on the factual disputes that may arise in litigation. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

---

[3]      *Pavey* provides that an "innocent" failure to exhaust includes situations where prison officials prevent prisoners from pursuing exhaustion of their administrative remedies. 544 F.3d at 742. Further, if an inmate submits a grievance and does not receive a response, the inmate's attempts at exhaustion will be deemed thwarted, and the inmate will be allowed to proceed with the lawsuit. *See, e.g., Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008) (noting that an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (indicating that a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his remedies).

The Seventh Circuit requires strict adherence to a prison's grievance procedures to satisfy the exhaustion requirement under the PLRA. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Accordingly, a prisoner cannot satisfy the exhaustion requirement by filing untimely or otherwise procedurally defective grievances. *See Woodford*, 548 U.S. at 83. Nor may a prisoner file a lawsuit while the prisoner is simultaneously proceeding through the required grievance process. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

The exhaustion requirement under the PLRA applies to state and federal inmates alike. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). When attempting to exhaust administrative remedies, prisoners must follow their prison's administrative rules. *See Pozo*, 286 F.3d at 1023. As an inmate in the Federal Bureau of Prisons ("BOP"), Plaintiff's exhaustion is governed by the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10. The program applies "to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates" and allows them "to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.*

Before initiating the formal grievance process, inmates are encouraged to seek informal resolution of their complaint by presenting it to a staff member. *See* 28 C.F.R. § 542.13. If the attempt at an informal resolution is unsuccessful, the inmate may then file an initial grievance with the warden within twenty days of the incident by submitting a

BP-9 form. *See* 28 C.F.R. § 542.14. If the inmate is not satisfied with the disposition of the

grievance, he may then appeal that grievance to the Regional Director using a BP-10 form.

*See* 28 C.F.R. § 542.15. If this does not resolve the issue, the inmate may appeal to the

General Counsel by submitting a BP-11 form. *Id.* The General Counsel has forty days to

respond, but this deadline may be extended by twenty-days. *See* 28 C.F.R. § 542.18. After

this time expires, the appeal is deemed denied. *Id.* Appeal to the General Counsel is

considered the final level of the administrative remedies process. *Id.*

## DISCUSSION

Defendants argue that Plaintiff has failed to exhaust his administrative remedies

under the PLRA because none of the four grievances submitted through the

administrative remedy process at USP-Marion contain allegations regarding inadequate

dental care. (Doc. 49, p. 4). Plaintiff argues that he did exhaust administrative remedies

because he utilized the remedy process under the Federal Tort Claims Act ("FTCA").

(Doc. 55, p. 2). Because Plaintiff's claim only proceeds as an Eighth Amendment claim

and not an FTCA claim, the Court finds that Plaintiff has failed to exhaust his

administrative remedies under the PLRA and **GRANTS** Defendants' Motion for

Summary Judgment.[4] (Doc. 49).

In Plaintiff's Response to Defendants' Motion for Summary Judgment, he attaches

a letter from the Office of Regional Counsel of the Federal Bureau of Prisons. (Doc. 55, p.

---

[4]     A review of the record before the Court reveals that Plaintiff did not include any
documentation to the Court in his amended complaint indicating that he was seeking relief under
the Federal Torts Claim Act. Accordingly, the Court construed his complaint as an Eighth
Amendment claim brought pursuant to § 1983.

6). The letter informed Plaintiff that his "tort claim [had] been considered for administrative review." *Id.* Further, the letter noted that "the memorandum serve[d] as a notification of final denial under 28 C.F.R. § 14.9" and that he may proceed to file suit in the appropriate U.S. District Court if he was dissatisfied with the agency's action. *Id.* Accordingly, Plaintiff believes he has exhausted administrative remedies and that he should be able to proceed in a lawsuit against Defendants. However, the exhaustion requirements under the FTCA are separate from those he would need to proceed through under the PLRA.[5] While Plaintiff appears to have completed the final step of exhaustion under the FTCA, the record shows that Plaintiff has failed to pursue exhaustion through the BOP remedy request process in accordance with the PLRA.

As an inmate, Plaintiff's Eighth Amendment claim is governed by the exhaustion requirements set out in the PLRA. *See* 42 U.S.C. § 1997e(a). According to the PLRA,

---

[5] The FTCA permits an individual to bring suit in federal court against the United States "for injury or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2). Pursuant to this provision, a federal inmate may bring suit for injuries sustained during incarceration due to the negligence of prison officials. *See United States v. Muniz*, 374 U.S. 150, 165 (1963). However, an inmate may not bring the lawsuit unless he has exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a).

To exhaust under the FTCA, an inmate must file the appropriate administrative claim form to the Regional Office in the region where the claim occurred. *See* 28 C.F.R. § 543.31(c). Once the claim form is reviewed and investigated by a Regional Counsel, a decision on all claims properly filed will be issued. *See* 28 C.F.R. § 543.32(c)-(d). If dissatisfied with the Regional Counsel's decision, or if the claim is denied, the inmate may request reconsideration of the claim from the BOP. *See* 28 C.F.R. § 543.32(g). Then, if dissatisfied with the final agency action, the inmate can then file suit with the appropriate district court. *Id.*

inmates must follow their prison's administrative rules to exhaust their administrative remedies. *See Pozo*, 286 F.3d at 1023. As a BOP inmate, Plaintiff was required to follow the grievance process set out in the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10. BOP regulations indicate that "[an] inmate shall place a single complaint or a reasonable number of closely related issues on the [BOP remedy request] form." 28 U.S.C. § 542.14(c)(2). Moreover, the regulations specify that "the inmate shall complete the form with all requested identifying information and shall state the complaint in the space provided on the form." 28 U.S.C. § 542.14(c)(3). Hence, Plaintiff was required to state a complaint regarding his inadequate dental care through the BOP Administrative Remedy Program to have properly exhausted his administrative remedies. *See, e.g., Gaughan v. U.S. Bureau of Prisons*, No. 02 C 0740, 2003 WL 1626674, at *2 (N.D. Ill. 2003) (noting that "fulfillment of the FTCA's exhaustion requirement does not constitute satisfaction of the PLRA's exhaustion requirement for Bivens actions; an inmate must exhaust the Bureau of Prisons four-step administrative grievance process before pursuing a civil rights action in federal court").

Defendants supplied the Court with the declaration of Melissa Wallace ("Wallace") to demonstrate that Plaintiff had failed to submit any complaints about his dental care through the BOP Administrative Remedy Program. (Doc. 49, Exh. 1). Wallace is an administrative remedy clerk at UPS-Marion, which is where Plaintiff's issues with his dental care occurred. *Id.* at p. 1. Upon reviewing Plaintiff's Grievance record at USP-Marion in SENTRY, Wallace only located four administrative remedy requests that had been submitted by Plaintiff while he has been housed with the BOP. *Id.* at p. 2. The

requests were submitted on November 13, 2013 (requesting telephone access), December 3, 2013 (requesting telephone access), October 27, 2015 (appealing Discipline Hearing Officer Code 201), and December 29, 2016 (appealing Discipline Hearing Officer Code 201). *Id.* Wallace reviewed each of these four grievances and reported that none of the administrative remedy requests related to dental care. *Id.* at p. 3. Plaintiff does not contest the contents of his BOP grievance record, nor does he allege that BOP administrative remedies were unavailable to him at any time. (Doc. 55, p. 1-5); *see also Ross v. Blake*, 578 U.S. 632, 643 (2016). Additionally, the fact that Plaintiff has previously submitted BOP remedy requests demonstrates that Plaintiff is aware of the BOP Administrative Remedy Program process. Thus, the Court finds that Plaintiff has failed to exhaust his administrative remedies under the PLRA.

CONCLUSION

Accordingly, the Court **GRANTS** the Motion for Summary Judgement as to Exhaustion of Administrative Remedies. (Doc. 49). The Court **DISMISSES** without prejudice for failure to exhaust administrative remedies Plaintiff's claims against Defendants Dr. S. Canty and L. Brooks. The Court **DIRECTS** the Clerk of Court to enter Judgement reflecting the same and to close the case.

**IT IS SO ORDERED.**

**DATED:  November 3, 2023.**

Digitally signed by Judge Sison
Date: 2023.11.03 10:18:14 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**